# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:10-00163 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| KENNETH GADDIE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion to Suppress (Docket No. 2025), which the government has opposed (Docket No. 2034). For the reasons discussed herein, the defendant's motion will be denied.

The relevant facts are not in dispute. On July 18, 2008, the defendant was arrested and his cell phone was seized incident to his arrest. The government searched the phone and found a text message, which stated: "Put the guns up n I will cum get them." The government included the text message as an allegation in Overt Act 8 of Count One of the Second Superseding Indictment, which alleges that the defendant possessed five firearms on or about July 18, 2008.

On March 27, 2014, the defendant moved to suppress the text message, premising his motion on the First Circuit's decision in *United States v. Wurie*, a case that is scheduled to be reviewed by the United States Supreme Court later this year. 728 F.3d 1 (1st Cir. 2013), *cert. granted*, (U.S. Jan. 17, 2014) (No. 13-212). In *Wurie*, the First Circuit held that the search-incident-to-arrest exception to the Fourth Amendment does not authorize the warrantless search of a cell phone seized from an arrestee's person. *Id.* at 13. In its opposition to the defendant's motion, the government noted that the circuits have split on this issue. Pending resolution from

1

the Supreme Court, the government opposed the motion on the grounds that the good-faith exception to the exclusionary rule applies here.

The Fourth Amendment protects an individual's right against unreasonable searches and seizures, including those conducted without a warrant based upon probable cause. U.S. CONST. AMEND. IV. There are exceptions to the warrant requirement, including the search-incident-to-arrest exception, which permits police, when they make an arrest, to search "the arrestee's person and the area within his immediate control." *Arizona v. Gant*, 556 U.S. 332, 339 (2009); *see also Chimel v. California*, 395 U.S. 752, 763 (1969). Under the exclusionary rule, prosecutors are barred from introducing evidence obtained in violation of the Fourth Amendment. *Davis v. U.S.*, 131 S. Ct. 2419, 2423 (2011). The Supreme Court has also instructed that, pursuant to the exclusionary rule, "evidence should be suppressed *only* if it can be said that the law enforcement officer had knowledge . . . that the search was unconstitutional under the Fourth Amendment." *Davis*, 131 S. Ct. at 2427-28; *Herring v. U.S.*, 555 U.S. 135, 142 (2009).

Although the Sixth Circuit has not directly addressed the search and seizure of cell phone data incident to a lawful arrest, other federal courts—including a district court within the Sixth Circuit—have held that the warrantless searches of cell phones, including the retrieval of text messages, is permissible under the Fourth Amendment.[1] Accordingly, without contrary controlling precedent, the court finds that the officer who performed a warrantless search of the defendant's cell phone at the time of his arrest did so objectively in good faith. *See United States*

---

[1] *See, e.g.*, *United States v. Flores-Lopez*, 670 F.3d 803, 810 (7th Cir. 2012); *United States v. Murphy*, 552 F.3d 405, 411 (4th Cir. 2009); *United States v. Finley*, 477 F.3d 250, 259-60 (5th Cir. 2007), *cert. denied*, 549 U.S. 1353 (2007); *see also United States v. Grooms*, No. 2:10-87, 2011 WL 381036, at *1 (E.D. Tenn. Jan. 3, 2011); *Ajan v. U.S.*, No. 2:02-71, 2009 WL 1421183, at *10 (E.D. Tenn. May 20, 2009).

*v. Leon*, 468 U.S. 897, 909, 920-21.  Therefore, the defendant's motion to suppress will be denied.

## **CONCLUSION**

For the foregoing reasons, the defendant's Motion to Suppress (Docket No. 2025) is **DENIED**.

It is so **ORDERED**.

								ALETA A. TRAUGER
								United States District Judge